UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDUARDO DOMINGUEZ-ROQUE, | |
| Plaintiff, | |
| v. | CASE NO. 3:21-CV-00344-MGG |
| FAEZ ALSAFFAR, ET AL., | |
| Defendants. | |

**OPINION AND ORDER**

Pending and ripe before the Court is Defendants Faez Alsaffar and Classic Transportation Services, Inc.'s Motion to Dismiss Plaintiff Eduardo Dominguez-Roque's case. Plaintiff, now proceeding *pro se*, is suing Defendants on an Indiana state law negligence diversity claim. [DE 1, 4]. This Order is entered based on the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [DE 11]. For the subsequent reasons, Defendants' motion is GRANTED.

**I.    RELEVANT BACKGROUND**

The facts of this case were detailed in this Court's Order dated August 17, 2023, and will be augmented here as relevant. In that Order, the Court addressed Defendants' concerns about Plaintiff's deficient discovery responses and potential spoliation of evidence. Defendants were awarded their expenses, including attorney's fees, incurred in bringing a motion to compel, motion for sanctions, and motion to modify the Court's Rule 16 (b) Scheduling Order. [DE 62 at 9]. Plaintiff was ordered to produce complete

responses to Defendants' July 2022 discovery requests by November 17, 2023. [*Id.*]. A telephonic status conference was also scheduled for December 1, 2023. [*Id.*].

Before those deadlines had passed, Plaintiff fired his attorney whose appearance was withdrawn in this case on September 29, 2023. [DE 70]. No attorney has entered an appearance for Plaintiff since. In granting Plaintiff's counsel's motion to withdraw his appearance, the Court advised Plaintiff that all prior deadlines, including the dispositive motion deadline and the deadlines related to his discovery requests, remained in effect. [*Id.*]. Then on October 3, 2023, the amount of Defendants' award of expenses was confirmed by the Court and Plaintiff was ordered to pay Defendants by November 3, 2023. [DE 71].[1] Later on November 16, 2023, Plaintiff filed a motion for a sixty-day extension to seek another attorney, [DE 76], which was denied for a lack of good cause. [DE 78]. With a report from Defendants that Plaintiff had not complied with the Court's orders to pay Defendants their awarded expenses or to produce complete discovery responses, the Court afforded Plaintiff a final chance to comply extending the deadline until November 30, 2023. [*Id.*].

In the meantime, Defendants filed a motion for partial summary judgment on November 1, 2023. [DE 73]. The Court reminded Plaintiff that the deadline for his response was December 4, 2023, consistent with the automatic briefing deadline established in N.D. Ind. L.R. 56-1(b). [DE 78 at 3]. Since filing his extension motion on

---

[1] The October 3rd Order was mailed to Plaintiff's address of record at that time but was returned to the Court as undeliverable. [DE 72]. The Order was re-mailed to Plaintiff at an address incorporated into his counsel's motion to withdraw his appearance. [*See* DE 68]. None of the Court's orders mailed to the new address, including the October 3rd Order, have since been returned suggesting that Plaintiff has received notice of all subsequent proceedings.

November 16, 2023, Plaintiff has filed nothing in this case. He did not appear at the December 1st telephonic status conference. Plaintiff did not show cause why this case should not be dismissed for his failure to comply with the Court's orders and for failing to prosecute his claims diligently as ordered. [*See* DE 80]. As a result, Defendants filed the instant motion to dismiss for lack of prosecution on January 16, 2024. [DE 85]. Plaintiff has not responded to the instant motion despite being afforded more than ample time to do so. *See* N.D. Ind. L.R. 7-1(d)(3)(A).

II.   **ANALYSIS**

While Defendants do not explicitly request involuntary dismissal under Fed. R. Civ. P. 41(b), the Defendants' motion is grounded on the claim that the Plaintiff has failed to prosecute his case and has not complied with the Court's orders. These are the same conditions for dismissal as listed in Rule 41(b).

According to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless otherwise stated in the order, a dismissal on these grounds "operates as an adjudication on the merits." *Id.* As "[t]he sanction of dismissal is the most severe sanction that a court may apply, . . . its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). Consequently, district courts are directed "ideally to consider" the following factors when ruling on a Rule 41(b) motion:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931–32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)). "Ultimately, the decision to dismiss 'depends on all the circumstances of the case.'" *Id.* at 932 (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). Additionally, "[t]here is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution" nor "is a warning required in every case." *Id.* (citations omitted). Indeed, "[t]hose opinions admonishing a district court for dismissing a case without warning involve *sua sponte* dismissals." *Id.* When a defendant files a motion to dismiss with adequate notice to the plaintiff, the plaintiff is considered warned of the possibility of dismissal. *See id.* at 933. Accordingly, the motion to dismiss itself acts as the warning that a plaintiff's case might be dismissed under Rule 41(b). *See id.*

Here, Plaintiff has had ample warning that his case might be dismissed. In fact, Plaintiff had two warnings. First, Plaintiff had an entire month, from December 4 to January 3 to respond to the order to show cause. [DE 80]. As Plaintiff has been advised, his *pro se* status does not excuse him compliance with the rules and this Court's orders. "It is the duty of a party not represented by counsel 'to monitor the docket and to advise himself when the court enters an order against which he wishes to protest.'" *United States v. $56,380.00 U.S. Currency*, No. 1:18-cv-03367, 2019 WL 3470773, at *1 (S.D. Ind. May 30, 2019) (quoting *Bardney v. United States*, 959 F. Supp. 515, 523 (N.D. Ill. Mar. 17, 1997)).

Second, Defendants' certificate of service shows that their motion was mailed to Plaintiff on January 16, 2024, putting him on notice of the possibility of dismissal of his claims. [DE 85 at 3]. Plaintiff has not responded. Thus, the Court looks to the *McMahan* factors to evaluate the propriety of involuntary dismissal under Fed. R. Civ. P. 41(b). *See* 892 F.3d at 931-32.

The first factor is the frequency and magnitude of a plaintiff's failure to comply with deadlines for the prosecution of the suit. Here, Plaintiff has repeatedly failed to comply with the deadlines set forth for prosecution of his own suit. As detailed above, Plaintiff has not satisfied his discovery obligations, paid Defendants' discovery-related motion expenses, or otherwise complied with any of the Court's orders since the August 17th Order was entered. The threat of dismissal did evident in the Court's order to show cause on December 4, 2023, did not even prompt a response from Plaintiff. Plaintiff's only appearance in this action since August 2023 was his extension motion filed on November 16, 2023—an extension motion that did not satisfy the good cause standard for extensions. Plaintiff's failure to respond to any of the Court-ordered deadlines in the past several months strongly weighs in favor of dismissal.

The next factor is the apportionment of responsibility for those failures between the plaintiff and his counsel. Here, there is some question as to how Plaintiff's counsel advised him through this litigation as noted in the Court's order denying counsel's first motion to withdraw his appearance. [DE 67 at 3–4]. Nevertheless, Plaintiff assumed full responsibility for this case when he fired his attorney. Proceeding *pro se* by choice since September 29, 2023, Plaintiff bears complete responsibility for his failures to comply with

Court's orders and prosecute his claims. *See Jeffries v. Adams*, CAUSE NO.: 2:19-cv-329-TLS-JEM, 2020 WL 5440492, at *3 (N.D. Ind. Sep. 10, 2020), *aff'd*, 843 F. App'x 801 (7th Cir. 2021). As a result, this factor also weighs strongly in favor of dismissal.

The third factor is the effect of those failures on the judge's calendar and time. "This is the least important factor." *Id.* (citing *Allen v. Interstate Brands Corp.*, 186 F.R.D. 512, 521-22 (S.D. Ind. 1999)). In the present case, Plaintiff has consumed judicial time by failing to comply with discovery expectations laid out clearly in the Federal Rules of Civil Procedure, necessitating consideration of sanctions, and failing to appear at the December 1st telephonic status conference. Such disruptions to the court's calendar are not anticipated by the applicable rules and have not been explained at all by Plaintiff. Consequently, this factor also weighs in favor of dismissal.

The fourth factor weighs the prejudice to the defendant caused by the plaintiff's dilatory conduct. Here, Plaintiff's conduct has prejudiced Defendants costing a great deal of time and expense, including but not limited to attendance at the December 1st status conference and motion practice to bring this case to an end. Unreasonable delays create a presumption of prejudice. *Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984). Therefore, this factor also weighs in favor of dismissal.

The next factor is the probable merits of the suit, which are difficult to discern at this time. The merits of Plaintiff's claims are grounded in the parties' pre-suit agreement to settle collision-related property and economic loss damages on July 6, 2020, before the present suit was filed in Indiana state court. [DE 73-2]. Notably, Defendants expressly denied any liability they might have as a result of the collision in reaching this settlement.

[DE 73-2 at 1]. Defendants' motion for partial summary judgment essentially seeks to enforce the parties' settlement agreement by asking the Court to enter judgment in their favor on the pending issue of economic losses as a result of the collision. [DE 74]. Yet Plaintiff's failure to produce discovery responses has left Defendants—and this Court—unable to determine whether factual issues exist to justify summary judgment or whether a jury would be more likely to side with Plaintiff or Defendants if a trial were to occur. Consequently, this factor neither favors nor disfavors dismissal.

Finally, the district court must take into account the consequences of dismissal for the social objectives of the type of litigation this suit represents. Generally, this factor weighs against dismissal when there is a strong civil rights objective behind the litigation, such as an excessive use of force by the police. *See Jeffries*, 2020 WL 5440492, at *4 (discussing *Ball v. City of Chicago*, 2 F.3d 752, 753 (7th Cir. 1993), and how the *Ball* plaintiff's claim possibly vindicated a serious constitutional right); *Ross v. City of South Bend*, CAUSE NO. 3:21-CV-521-DRL-MGG, 2023 WL 1464388, at *2 (N.D. Ind. Feb. 2, 2023) (finding that the plaintiff's claims of excessive force and violation of due process rights following a broken jaw by law enforcement were a sufficient social objective under *McMahan*). Here, Plaintiff presents a negligence claim arising out of a traffic collision, not any civil rights claim. [DE 4]. While there is social merit in individuals being able to seek recourse in the court system for someone else's negligence, it is not the kind of civil rights-focused social policy that *McMahan* asks district courts to consider. Consequently, this factor weighs in favor of dismissal. *See Jeffries*, 2020 WL 5440492, at *4.

In total, all but one of the *McMahan* factors weigh in favor of dismissal, and that remaining sole factor is equivocal. Moreover, Plaintiff has been warned at least twice that his case could be dismissed if he did not comply with the applicable rules and court orders. Therefore, involuntary dismissal with prejudice under Fed. R. Civ. P. 41(b) is warranted in this instance.

### III. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Dismiss. [DE 85]. This action is **DISMISSED with prejudice** as to all of Plaintiff's claims. *See* Fed. R. Civ. P. 41(b). Defendants' motion for partial summary judgment is **DENIED AS MOOT**. [DE 73]. The Clerk is **DIRECTED** to enter judgment in favor Defendants.

**SO ORDERED** this 11th day of March 2024.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge